**ORAL ARGUMENT SCHEDULED FOR APRIL 10, 2025**

Appeal No. No. 24-5158

_____

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

TALISHA L. ROSEN-KELLOGG,

Plaintiff-Appellant,

v.

ALEJANDRO MAYORKAS,
Secretary, U.S. Department of Homeland Security,

Defendant-Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CASE #: 1:22-cv-03028-RBW
HONORABLE REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

# REPLY BRIEF FOR APPELLANT

_____

 

Richard L. Swick
SWICK & SHAPIRO, P.C.
1432 K Street NW
12th Floor
Washington, DC 20005
Telephone: (202) 842-0300
rlswick@SwickandShapiro.com

Attorney for Appellant

## **TABLE OF CONTENTS**

Reply Brief for Appellant. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   Appellee Supplies No Valid Reason To Deny Appellant
     The Benefit Of Statutory and Judicial Policy That Favors
     Liberal Amendments Of Pleadings
     And Resolving Cases On Their Merits. . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.  Routinely, Courts Do Not Penalize a Party For Filing
         a Duplicate Pleading, But Instead Allow Parties to Correct
         Their Pleadings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.  Neither Appellee Nor the District Court Memorandum
         Overcome the Policy Liberally Favoring Amendments to
         Present the Dispute for Decision on the Factual Merits. . . . . . . . . . 5

         1.  Amendments to pleadings are liberally granted to
             favor case resolution on the merits. . . . . . . . . . . . . . . . . . . . . . 5

         2.  The District Court erred when it used a technical glitch
             or error as grounds to deny Appellant the opportunity to plead
             information that was already in the record and about which
             both the Appellee and the District Court were fully informed. . 7

     C.  Appellant's Motion to Amend Her Complaint Was Not an Act
         of Futility Because, If Proven the Facts as Alleged Are
         Sufficient for a Jury to Find She Was Terminated Because
         of Her Protected Activity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

Cases:

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). . . . . . . . . . . . . . . . . . . . . . . . . 10

*Caribbean Broad. Sys., v. Cable & Wireless PLC*,
    148 F.3d 1080, 1083-84 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Deponte v. Stohl*, 2024 U.S. Dist. LEXIS 111712, at *2
    (E.D. Cal. June 21, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Edwards v. Nevada,* 2022 U.S. Dist. LEXIS 103963, at *3
    (D. Nev. June 9, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Foman v. Davis*, 371 U.S. 178, 182 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6

*Joachin v. Staffing,* 2024 U.S. Dist. LEXIS 69927, at *4
    (S.D.N.Y. Apr. 15, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Johnson v. Precythe,* 141 S. Ct. 1622, 1626 (2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ketab Corp. v. Mesriani Law Grp.*, 2015 U.S. Dist. LEXIS 58880, at *3 n.1 3
    (C.D. Cal. May 5, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*McDaniel v. New York,* 2019 U.S. Dist. LEXIS 203637, at *1-2
    (S.D.N.Y. Nov. 15, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Monroe v. Taurus Holdings, Inc.,* 2018 U.S. Dist. LEXIS 24053, at *2 n.1
    (E.D.N.C. Feb. 14, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Orr v. Cothron,* 2024 U.S. Dist. LEXIS 158097, at *1 n.1
    (W.D.N.C. Sep. 2, 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Richards v. Mileski,* 662 F.2d 65, 73 n.14 (D.C. Cir. 1981). . . . . . . . . . . . . . . . . . . . . 6

*Rousset v. AT&T Inc.*, 2015 U.S. Dist. LEXIS 53411, at *11
    (W.D. Tex. Apr. 22, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Surface Art, Inc. v. Tesserae Techs.*, 2024 U.S. Dist. LEXIS 228018, at *3
    (W.D. Wash. Dec. 17, 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Valentin v. Pa. DOL,* 2024 U.S. Dist. LEXIS 81938, at *2 n.2
    (E.D. Pa. May 6, 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) . . . . . 5

*Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999) . . . . . . . . . . . . . . . 6

# REPLY BRIEF FOR APPELLANT

\* \* \* \* \*

# SUMMARY OF ARGUMENT

Appellant contends that the District Court erred when it dismissed her disability discrimination claim finding that her managers had valid reasons for taking away the government cell phone which had been given to her as an accommodation for her disabilities without engaging in a collaborative process. Appellant further contends and that the District Court abused its discretion when after dismissing her retaliatory termination claim on findings that she had not pleaded sufficient facts to connect her termination to her EEO activity, it refused to allow her to amend her complaint and provide additional details demonstrating such a connection because it incorrectly found that Appellant had ample opportunity to amend her complaint. As such, Appellee's continuing argument that the District Court had good reasons to deprive Appellant of opportunity to amend her complaint should be rejected, the District Court should be reversed and that on remand to the District Court she be permitted to amend her complaint and litigate her claims.

# ARGUMENT

**I. Appellee Supplies No Valid Reason To Deny Appellant The Benefit Of Statutory and Judicial Policy That Favors Liberal Amendments Of Pleadings And Resolving Cases On Their Merits.**

**A. Routinely, Courts Do Not Penalize a Party For Filing a Duplicate Pleading, But Instead Allow Parties to Correct Their Pleadings.**

Appellee persists in claiming the same complaint filed nine minutes apart on the same day should be treated as an "amended complaint." *See* Appellee Br. at 17-18. Appellee stands upon the District Court's treating the materially identical pleading filed the same day with PACER as an "amended complaint." JA 102.

Appellant Rosen-Kellogg's counsel has located no federal precedent holding that an identical complaint filed on PACER just minutes or hours later must be treated as an "amended complaint" under Rule 15. Meanwhile, many cases illustrate how the federal courts deal with duplicate or near identical submissions of pleadings and other documents. These cases treat the second submission of the nearly identical complaint or pleading as inadvertent or as ministerial corrections. They do not suggest such a second submission constitutes an amended pleading under Rule 15 as to foreclose the filing of a truly "amended" complaint under that Rule. *See:*

- *Valentin v. Pa. DOL*, No. 24-0629, 2024 U.S. Dist. LEXIS 81938, at *2 n.2

2

(E.D. Pa. May 6, 2024) (treating a duplicative complaint filed after an Amended Complaint as having no effect on the court's proceeding upon the true Amended Complaint);

• *Ketab Corp. v. Mesriani Law Grp.*, No. 2:14-cv-07241-RSWL (MRW), 2015 U.S. Dist. LEXIS 58880, at *3 n.1 (C.D. Cal. May 5, 2015) (where plaintiff filed a second "First Amended Complaint" the day after the initial "First Amended Complaint," the court noted the duplicate FAC "appeared to correct" the misfiling of an exhibit to that FAC, and thus struck the initial FAC and "deemed the duplicate FAC as the operative" amended complaint);

• *Monroe v. Taurus Holdings, Inc.,* No. 5:17-CV-00604-FL, 2018 U.S. Dist. LEXIS 24053, at *2 n.1 (E.D.N.C. Feb. 14, 2018) (Plaintiff filed complaint and summons that the court found to contain "certain deficiencies"; so when plaintiff filed a corrected complaint titled an "amended complaint" four days later, the court held that pleading to be treated as "plaintiff's original pleading");

• *Orr v. Cothron*, No. 1:24-cv-00160-MR, 2024 U.S. Dist. LEXIS 158097, at *1 n.1 (W.D.N.C. Sep. 2, 2024) ("Plaintiff filed a second Amended Complaint three days after his first Amended Complaint. Because these documents are verbatim duplicates of each other and to avoid confusion in the record, the Court will strike the second-filed Amended Complaint");

3

• *Deponte v. Stohl*, No. 1:24-cv-00695-HBK, 2024 U.S. Dist. LEXIS 111712, at *2 (E.D. Cal. June 21, 2024) (court would "disregard Plaintiff's duplicate Motion to Amend filed the same day" as unneeded);

• *Surface Art, Inc. v. Tesserae Techs., LLC*, No. 2:24-cv-00924-TL, 2024 U.S. Dist. LEXIS 228018, at *3 (W.D. Wash. Dec. 17, 2024) ("Court agrees" with the plaintiff that the purported additional "amended complaint" was "wholly duplicative of the First Amended Complaint" and thus "[struck] the duplicate FAC from the docket").

*And compare:*

• *McDaniel v. New York,* No. 19-CV-8166 (CM), 2019 U.S. Dist. LEXIS 203637, at *1-2 (S.D.N.Y. Nov. 15, 2019) (where court clerk docketed an amended complaint to the incorrect docket number supplied by the plaintiff, the court "grant[ed] plaintiff leave to file a second amended complaint, labeled with the [corrected] docket number");

• *Joachin v. Staffing*, No. 23-CV-10083 (LTS), 2024 U.S. Dist. LEXIS 69927, at *4 (S.D.N.Y. Apr. 15, 2024) (court declined to grant plaintiff an additional opportunity to amend after having granted the first opportunity to amend but the plaintiff only "submitted a near duplicate of her original complaint");

4

• *Rousset v. AT&T Inc.*, No. A-14-CV-0843-LY-ML, 2015 U.S. Dist. LEXIS 53411, at *11 (W.D. Tex. Apr. 22, 2015) (court granted plaintiff leave to file an amended complaint after plaintiff had filed a pleading that "merely duplicate[d] the [proposed] amended complaint");

• *Edwards v. Nevada,* No. 3:20-cv-00716-ART-CSD, 2022 U.S. Dist. LEXIS 103963, at *3 (D. Nev. June 9, 2022) (court "[did] not accept Plaintiff's duplicative amended complaint filed at ECF No. 47 as a second amended complaint. It is an exact duplicate of the amended complaint that Plaintiff had already filed").

## B. Neither Appellee Nor the District Court Memorandum Overcome the Policy Liberally Favoring Amendments to Present the Dispute for Decision on the Factual Merits.

### 1. Amendments to pleadings are liberally granted to favor case resolution on the merits.

When a court discovers a technical error or missing element of pleading concerning a complaint, the remedy is to permit the plaintiff to file an amended pleading. *See Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (noting liberal policy of granting leave to amend pleadings); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (same rule, stating policy rationale).

The D.C. Circuit stands upon the principle: "It is well settled that the policy of

5

the federal rules of civil procedure is to *decide cases on the basis of substantive rights rather than technicalities*, and this requires that plaintiffs receive *every reasonable opportunity to cure formal defects in their pleadings*." *Richards v. Mileski*, 662 F.2d 65, 73 n.14 (D.C. Cir. 1981) (emphasis added), *citing Foman,* 371 U.S. at 182. The Supreme Court reconfirmed the *Foman* holding in *Johnson v. Precythe*, 141 S. Ct. 1622, 1626 (2021), further explaining that unless there is a robust stated justification, "denying leave to amend 'is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" *Id.* (quoting *Foman*).

Stated simply by the Eighth Circuit in *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999): "We generally prefer to decide claims on their merits instead of on their pleadings." *Id.* (citations omitted).

This Court restated the statutory and judicial policy in *Caribbean Broad. Sys., v. Cable & Wireless PLC*, 148 F.3d 1080, 1083-84 (D.C. Cir. 1998), which endures today:

> Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course and thereafter by leave of court, which "leave shall be freely given when justice so requires."

*Id., citing with approval Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (noting that district court's discretion to dismiss without leave to amend is

6

"severely restricted" Rule 15(a)'s command that such leave be "freely given").

**2. The District Court erred when it used a technical glitch or error as grounds to deny Appellant the opportunity to plead information that was already in the record and about which both the Appellee and the District Court were fully informed.**

The District Court's April 4, 2024, Order (JA0217-0223) did not afford Appellant the leave to amend her Complaint, but instead, as discussed above, treated the initial same-day near duplicate filing as an "amended complaint" to ostensibly prove Appellant's failing to plead the merits adequately:

> In light of the fact that the plaintiff has had *several opportunities* to include the information contained in the ROI is in her Complaint - viz., the plaintiff could have (1) included the information in her initial Complaint or her *Amended Complaint* or (2) filed a motion to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) - and the fact that she is represented by counsel, the Court is unwilling to excuse the plaintiffs failure to include that information[.]

JA0221 (emphasis to spotlight use of same-day duplicate filing as a separate "amended complaint" and thus refusing to allow further amendments).

The District Court expressly conceded it knew which information the Court thought Plaintiff (Appellant) should have been included in her pleadings. That information was in the Report of Investigation (ROI). JA0221.

Plaintiff (Appellant) had filed her Complaint that sufficiently gave notice to Defendant (Appellee) of the essential facts and causes of action. Plaintiff

7

suggested to the District Court that if a much fuller recitation of the ROI facts were necessary to avoid a technical basis for dismissal, then Plaintiff would certainly plead that recitation in an amended complaint. *See* Appellant's Brief at 29.

The District Court abused its discretion by dismissing Appellant's Complaint on technical grounds, contrary to well-settled and salutary statutory and judicial policy. Appellee doubles down on this error in its arguments here. No injustice would be done if Appellant (Plaintiff) were afforded the common remedy of a second amended complaint to flesh out facts that both parties and the judge already have.

### C. Appellant's Motion to Amend Her Complaint Was Not an Act of Futility Because, If Proven the Facts as Alleged Are Sufficient for a Jury to Find She Was Terminated Becasue of Her Protected Activity.

Appellee argues that district court correctly denied Appellant's request to amend her complaint would have been futile. Appellee's Brief at 50-53. However, the district court refused to allow amendment because it considered it a mistake not to have included more facts in the initial complaint (JA 0005-17) or the "amended" complaint (JA0018-30). As such, the district court did not consider and made no determination whether amendment would have been futile. Likewise the main thrust of Appellee's futility argument is that "the additional

8

facts that Rosen-Kellogg contends support her retaliation claim ... could have been included in her original pleading." Appellee's Brief at 50.

The District Court's reason for dismissing Appellant's retaliation claim was based on its conclusion that Appellant had not pleaded sufficient facts to conclude that there was a causal connection between Appellant's termination and her protected activity. The Court stated:

> The Court agrees with the defendant that the time between the plaintiff's alleged protected activities and her proposed and final termination fail to support an inference of retaliation because the temporal gap is "too wide." The plaintiff's testimony in support of her co-worker's EEO complaint occurred in 2018, her first contact with an EEO counselor occurred in late 2019, and she filed her formal EEO complaint in March of 2020. However, her proposed and actual termination occurred in 2021, approximately one to three years removed from each of the three alleged protected activities—periods of time which are much longer than courts in this Circuit generally consider to be sufficiently close in temporal proximity.

JA0122, citations omitted.

In her complaint, Plaintiff alleged that:

> [the termination] decision, like the one by plaintiff's immediate management on November 30, 2021, <u>was made by an official fully aware of plaintiff's accommodation efforts concerning the mobile phone removal and of her other protected civil rights activities.</u>
>
> 19.   Indeed, the December 6, 2021 decision to remove plaintiff from her employment and from the federal service effective December 7, 2021, was, like the earlier decision by a lower level official (November 30, 2021), motivated by a continuing effort to

9

>discriminate against plaintiff due to her disabilities and, more markedly, an effort to retaliate against her for her protected civil rights activities – namely, her objection to the agency's stripping her of her mobile phone accommodation without engaging in a proper interactive process and/or having given evidence in a EEO case of a co-worker.

JA0013 (2:10 p.m Complaint, ECF 1) JA0026 (2:19 p.m. Complaint, ECF 2). Underling added. As the Appellant had the full investigative file, Appellant could have had no doubt as to whom the Complaint referred.

Based on the Court's ruling, Appellant moved to amend her complaint to flesh out her continuing EEO activity and the continuing and oppositional involvement of those who brought about her termination, particularly Jessica McAllum, the Chief of Staff (COS) of the Fraud Detection and National Security Office. JA0232-0240. While the Appellee quibbles about some of the factual details, even without the benefit of discovery, the facts alleged in the proposed Amended Complaint, JA0229-0242, contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

10

## II.  CONCLUSION

For all the reasons Appellant has briefed to this Court, Appellant asks this Court to reverse the District Court's decision and remand this matter to the District Court to permit Plaintiff Ms. Rosen-Kellogg to amend her complaint and litigate her claims on their full merits.

Respectfully Submitted,

/s/Richard L.Swick
Richard L. Swick
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W, Suite 205
Washington, D.C. 20005
TEL (202)842-0300
FAX (202)842-1418

Attorneys for Appellant

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

(Type-Volume Limit, Typeface Requirements, and Type-Style Requirements)

1. This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 2,251 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Corel WordPerfect in Times New Roman 14 point.

                                                Respectfully submitted,

                                                /s/ Richard L. Swick
                                                Richard L. Swick
                                                Attorney for Appellant